















JRL    5/20/03    13:48

3:03-CV-01008   DIRECTV INC V. NASLAND

*1*

*CMP.*

ORIGINAL

FILED

03 MAY 16 PM 3: 42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY



1  DANIEL E. MARTYN, JR. (State Bar No. 138122)
   JOHN E. MORAN (State Bar No. 94179)
2  DIANA S. PONCE-GOMEZ (State Bar No. 187136)
   DANNER & MARTYN, LLP
3  100 E. Thousand Oaks Blvd., Suite 244
   Thousand Oaks, California 91360
4  Telephone: (805) 777-8700
   Facsimile: (805) 778-0736
5
   Attorneys for Plaintiff
6  DIRECTV, INC.

7

8                UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10                                        '03 CV 1008W LAB

11  DIRECTV, INC., a California corporation,   CASE NO.:

12            Plaintiff,

13  v.                                         COMPLAINT FOR COMPENSATORY,
                                               STATUTORY AND OTHER DAMAGES, AND
14  NEAL NASLAND; HOANG NGUYEN; PATI           FOR INJUNCTIVE RELIEF
    ANDERSON; DANIEL GOMEZ; WILLIAM
15  BOURGEOIS,

16            Defendants.

17

18       Plaintiff, DIRECTV, Inc. ("DIRECTV"), hereby complains as follows with respect to its

19  claims arising under federal question jurisdiction 28 U.S.C. §§ 1331 and 1338(a).

20                         NATURE OF THIS CASE

21       1.    DIRECTV is the nation's leading direct broadcast satellite system, delivering over 225

22  channels of television and other programming to more than 10 million homes and businesses in the

23  United States. DIRECTV's television programming currently includes major cable networks, studio

24  movies and special events programming, as well as a variety of sports and other special interest

25  programming. DIRECTV, a California company, has invested more than $1.25 billion to develop its

26  direct broadcast satellite system.

27  ///

28  ///

::ODMA\PCDOCS\DOCS\116002\1

2.     DIRECTV encrypts – electronically scrambles – its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming.  DIRECTV offers its television programming to residential and business customers on a subscription and pay-per-view basis only.  Each customer is required to obtain a DIRECTV Access Card and other system hardware (including a small satellite dish) and create an account with DIRECTV.  Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (*i.e.*, unscrambled) those channels to which the customer has subscribed or otherwise made arrangement to purchase from DIRECTV.

3.     On May 25, 2001, DIRECTV executed Writs of Seizure, with the assistance of local law enforcement, at the mail shipping facility used by several major sources of pirate technologies including, but not limited to, Vector Technologies, DSS-Stuff, DSSPro, DSS-Hangout, White Viper Technologies, Intertek, Shutt Inc. and Canadian Security and Technology.  During and subsequent to the raids, DIRECTV came into possession of a substantial body of sales records, shipping records, email communications, credit card receipts and other records.  Those records evidence each defendant's purchase of illegal "Pirate Access Devices" (as defined herein).  In reliance upon those records and other information, and upon information and belief, DIRECTV sets forth the allegations in this complaint.

4.     Each defendant is a resident of this District.  DIRECTV alleges that each defendant has purchased and used illegally modified DIRECTV Access Cards and other devices ("Pirate Access Devices") that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV.

5.     Each defendant's activities violate federal telecommunication and wiretapping laws and common law.  Specifically, each defendant's actions violate the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Electronic Communications Privacy Act (Federal Wiretap Laws), 18 U.S.C. §§ 2510-2521.  As a result of each defendant's decision to obtain Pirate Access Devices and the detrimental impact that such activities have on the company, DIRECTV brings this action seeking damages and injunctive relief against each defendant's continued possession and/or use of Pirate Access Devices.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 47 U.S.C. § 605(e)(3)(A) and 18 U.S.C. § 2520(a) because the claims in this action arise under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Electronic Communications Privacy Act (Federal Wiretap Laws), 18 U.S.C. §§ 2510-2521.

7.    This Court may exercise supplemental jurisdiction pursuant 28 U.S.C. § 1367(a) over the state law claims asserted herein.

8.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because each Defendant is a resident of this district and is subject to personal jurisdiction in this district.

## PARTIES

9.    Plaintiff DIRECTV, Inc. is a corporation duly incorporated under the laws of the State of California.   DIRECTV has significant interests in maintaining and securing the integrity of its satellite transmissions of television programming, and in prohibiting the unauthorized reception and use of the same.

10.    Defendant NEAL NASLAND is a resident of Poway, California.   Upon information and belief, beginning in or about May, 2001, Defendant NEAL NASLAND purchased one or more Pirate Access Devices from Vector Technologies.  Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the United States Postal Service or commercial mail carriers.  Specifically, these illegal purchases included the following transaction:

(a)    On or about May 2, 2001, Defendant NEAL NASLAND purchased two (2) Pirate Access Devices, each consisting of a printed circuit board device called a "Vector Super Unlooper with SU2 Code," from Vector Technologies.  The devices were shipped to Defendant NEAL NASLAND at his address in Poway, California.

11.    Defendant HOANG NGUYEN is a resident of San Diego, California.   Upon information and belief, beginning in or about April 2001, Defendant HOANG NGUYEN purchased one or more Pirate Access Devices from Intertek.  Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the United States Postal Service or commercial mail carriers.  Specifically, these illegal purchases included the following transactions:

::ODMA\PCDOCS\DOCS\116002\1

3

Complaint For Compensatory, Statutory And Other Damages, And For Injunctive Relief

1    (a)    On or about April 23, 2001, Defendant HOANG NGUYEN purchased two (2)

2  Pirate Access Devices, each consisting of a printed circuit board device called an "Intertek Bootloader

3  Board," from Intertek. The devices were shipped to Defendant HOANG NGUYEN at his address in

4  San Diego, California.

5    (b)    On or about April 26, 2001, Defendant HOANG NGUYEN purchased two (2)

6  Pirate Access Devices, each consisting of a printed circuit board device called an "Intertek Bootloader

7  Board," from Intertek. The devices were shipped to Defendant HOANG NGUYEN at his address in

8  San Diego, California.

9    12.    Defendant PATI ANDERSON is a resident of San Diego, California. Upon

10  information and belief, beginning in or about April 2001, Defendant PATI ANDERSON purchased

11  one or more Pirate Access Devices from Vector Technologies. Defendant placed each order by using

12  interstate or foreign wire facilities, and received her orders via the United States Postal Service or

13  commercial mail carriers. Specifically, these illegal purchases included the following transaction:

14    (a)    On or about April 6, 2001, Defendant PATI ANDERSON purchased two (2)

15  Pirate Access Devices, consisting of a printed circuit board device called a "Vector Smart card

16  Emulator," and a printed circuit board device called a "Vector UL PRO With SU2 Code Enclosed

17  Unlooper," from Vector Technologies. The devices were shipped to Defendant PATI ANDERSON at

18  her address in San Diego, California.

19    13.    Defendant DANIEL GOMEZ is a resident of Spring Valley, California. Upon

20  information and belief, beginning in or about April, 2001, Defendant DANIEL GOMEZ purchased

21  one or more Pirate Access Devices from Intertek. Defendant placed each order by using interstate or

22  foreign wire facilities, and received his orders via the United States Postal Service or commercial mail

23  carriers. Specifically, these illegal purchases included the following transactions:

24    (a)    On or about April 2, 2001, Defendant DANIEL GOMEZ purchased a Pirate

25  Access Device, consisting of a printed circuit board device called an "Intertek Blue Unlooper," from

26  Intertek. The device was shipped to Defendant DANIEL GOMEZ at his address in Spring Valley,

27  California.

28  ///

::ODMA\PCDOCS\DOCS\116002\1

4

Complaint For Compensatory, Statutory And Other Damages, And For Injunctive Relief

1           (b)      On or about April 9, 2001, Defendant DANIEL GOMEZ purchased two (2)

2 Pirate Access Devices, each consisting of a programmer primarily designed to illegally modify

3 DIRECTV Access Cards called a "Vector Next Generation Programmer," from Intertek. The devices

4 were shipped to Defendant DANIEL GOMEZ at his address in Spring Valley, California.

5           14.      Defendant WILLIAM BOURGEOIS is a resident of San Diego, California. Upon

6 information and belief, beginning in or about March, 2001, Defendant WILLIAM BOURGEOIS

7 purchased one or more Pirate Access Devices from Vector Technologies. Defendant placed each

8 order by using interstate or foreign wire facilities, and received his orders via the United States Postal

9 Service or commercial mail carriers. Specifically, these illegal purchases included the following

10 transaction:

11           (a)      On or about March 2, 2001, Defendant WILLIAM BOURGEOIS purchased

12 two (2) Pirate Access Devices, consisting of one printed circuit board device called a "Vector Smart

13 Card Emulator," and one printed circuit board device called a "Vector SMT & Super Unlooper with

14 SU2 Code Combo," from Vector Technologies. The devices were shipped to Defendant WILLIAM

15 BOURGEOIS at his address in San Diego, California.

16 **FIRST CLAIM**

17 **UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS**

18 **IN VIOLATION OF 47 U.S.C. § 605(a)**

19 **(AGAINST ALL DEFENDANTS)**

20           15.      Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 14 as

21 if set forth fully herein.

22           16.      Defendants have received and assisted others in receiving DIRECTV's satellite

23 transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a).

24           17.      Defendants' violations have injured and will continue to injure DIRECTV by depriving

25 DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising

26 DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary

27 information, and interfering with DIRECTV's contractual and prospective business relations.

28 ///

18.   Defendants knew or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, Defendants will continue to violate 47 U.S.C. § 605(a).

## SECOND CLAIM

## UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS

## IN VIOLATION OF 18 U.S.C. § 2511(1)(a)

## (AGAINST ALL DEFENDANTS)

19.   Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 18 as if set forth fully herein.

20.   By using Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, Defendants intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. § 2511(1)(a).

21.   Defendants' violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

22.   Defendants knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, Defendants will continue to violate 18 U.S.C. § 2511(1)(a).

///

///

///

## THIRD CLAIM

## POSSESSION OF PIRATE ACCESS DEVICES

## IN VIOLATION OF 18 U.S.C. § 2512(1)(b)

## (AGAINST ALL DEFENDANTS)

23.    Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 22 as if set forth fully herein.

24.    Defendants have used Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, with intent to avoid payment of the lawful charges therefor, by trick, artifice, deception, use of a device or decoder, and other fraudulent means, without authority from DIRECTV, in violation of 18 U.S.C. § 2512(1)(b).

25.    Defendants have possessed Pirate Access Devices, with intent to avoid payment to DIRECTV of the lawful charges for its programming, that are designed in whole or in part to receive subscription television services offered for sale by DIRECTV, without authority of DIRECTV, in violation of 18 U.S.C. § 2512(1)(b).

26.    Defendants' violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

27.    Defendants knew or should have known that possessing Pirate Access Devices was and is illegal and prohibited.  Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations.  Unless restrained by this Court, Defendants will continue to violate 18 U.S.C. § 2512(1)(b).

## FOURTH CLAIM

## CONVERSION

## (AGAINST ALL DEFENDANTS)

28.    Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 27 as if set forth fully herein.

29.     By importing, possessing and using Pirate Access Devices, Defendants have unlawfully converted to their own use and benefit property belonging to DIRECTV.

30.     Such conversion was done intentionally and wrongfully by Defendants to deprive DIRECTV of its proprietary interests and for Defendants' direct benefit and advantage.

31.     As a direct and proximate result of Defendants' unlawful acts, DIRECTV has suffered and continues to suffer damages, including lost subscription and pay-per-view revenues and other valuable consideration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DIRECTV requests that this Court grant the following relief:

(1)     Find the Defendants' conduct in importing, possessing and using Pirate Access Devices violates 47 U.S.C. § 605(a) and (e)(4), 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b), and California common law, and further find that Defendants' violations were willful, malicious or for a tortious or illegal purpose;

(2)     In accordance with 47 U.S.C. § 605(e)(3)(B)(i) and 18 U.S.C. § 2520(b)(1), enjoin and restrain Defendants, and persons controlled directly and indirectly by Defendants, from importing, possessing, or using Pirate Access Devices, and further order Defendants to surrender all Pirate Access Devices;

(3)     In the event of a default, an award of statutory damages of $10,000 for each Pirate Access Device imported into the United States in violation of 47 U.S.C. § 605(e)(4), and a further award of DIRECTV's reasonable attorneys' fees and costs of suit;

(4)     In the event of trial, an award of either (a) statutory damages in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(II) and 18 U.S.C. § 2520(c)(2), or (b) compensatory and punitive damages in accordance with 605(e)(3)(C)(i)(I), 18 U.S.C. § 2520(c)(2), and California common law; and DIRECTV's reasonable attorneys' fees and costs in accordance with 47 U.S.C. § 605(e)(3)(B)(iii), and 18 U.S.C. § 2520(b)(3);

///

///

///

1    (5)    For such additional relief as the Court deems just and equitable.

2  Dated:  May 13, 2003                              DANNER & MARTYN, LLP

3

4

5                                                    By: _____
                                                          Diana S. Ponce-Gomez
6                                                         Attorneys for Plaintiff DIRECTV, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

::ODMA\PCDOCS\DOCS\116002\1                              9

Complaint For Compensatory, Statutory And Other Damages, And For Injunctive Relief

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DIRECTV, INC., a California corporation | NEAL NASLAND; HOANG NGUYEN; PATI_ANDERSON; DANIEL GOMEZ; WILLIAM BOURGEOIS, |

03 MAY 16 PM 3:42
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

(b) COUNTY OF RESIDENCE OF FIRST LISTED  **Los Angeles**
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

BY:

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DANNER & MARTYN, LLP
100 E. Thousand Oaks Blvd., #244
Thousand Oaks, CA 91360
(805) 777-8700

ATTORNEYS (IF KNOWN)

'03 CV 1008 W LAB

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

* 1 U.S. Government Plaintiff

[x] 3 Federal Question
(U.S. Government Not a Party)

* 2 U.S. Government Defendant

* 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | • 1 | 1 | Incorporated or Principal Place of Business in This State | | • 4 |
| Citizen of Another State | • 2 | • 2 | Incorporated and Principal Place of Business in Another State | • 5 | • 5 |
| Citizen or Subject of a Foreign Country | • 3 | • 3 | Foreign Nation | • 6 | • 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

18 U.S.C. Section 2510 et seq.

47 U.S.C. Section 605;
28:1331cA
JEC

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| • 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | • 610 Agriculture | • 422 Appeal 28 USC 158 | • 400 State Reappointment |
| • 120 Marine | • 310 Airplane | • 362 Personal Injury- Medical Malpractice | • 620 Other Food & Drug | • 423 Withdrawal 28 USC 157 | • 410 Antitrust |
| • 130 Miller Act | • 315 Airplane Product Liability | | • 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | • 430 Banks and Banking |
| • 140 Negotiable Instrument | • 320 Assault, Libel & Slander | • 365 Personal Injury - Product Liability | | • 820 Copyrights | • 450 Commerce/ICC Rates/etc. |
| • 150 Recovery of Overpayment &Enforcement of Judgment | • 330 Federal Employers' Liability | • 368 Asbestos Personal Injury Product Liability | • 630 Liquor Laws | • 830 Patent | • 460 Deportation |
| • 151 Medicare Act | • 340 Marine | | • 640 RR & Truck | • 840 Trademark | • 470 Racketeer Influenced and Corrupt Organizations |
| • 152 Recovery of Defaulted Student Loans (Excl. Veterans) | • 345 Marine Product Liability | **PERSONAL PROPERTY** | • 650 Airline Regs | **SOCIAL SECURITY** | • 810 Selective Service |
| | | • 370 Other Fraud | • 660 Occupational Safety/Health | • 861 HIA (1395ff) | • 850 Securities/Commodities Exchange |
| • 153 Recovery of Overpayment of Veterans Benefits | • 350 Motor Vehicle | • 371 Truth in Lending | • 690 Other | • 862 Black Lung (923) | |
| | • 355 Motor Vehicle Product Liability | • 380 Other Personal Property Damage | **LABOR** | • 863 DIWC/DIWW (405(g)) | • 875 Customer Challenge 12 USC |
| • 160 Stockholders Suits | • 360 Other Personal Injury | • 385 Property Damage Product Liability | • 710 Fair Labor Standards Act | • 864 SSID Title XVI | • 891 Agricultural Acts |
| • 190 Other Contract | | | • 720 Labor/Mgmt. Relations | • 865 RSI (405(g)) | • 892 Economic Stabilization Act |
| • 195 Contract Product Liability | | | • 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | • 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | • 740 Railway Labor Act | • 870 Taxes (U.S. Plaintiff or Defendant) | • 894 Energy Allocation Act |
| • 210 Land Condemnation | • 441 Voting | • 510 Motions to Vacate Sentence Habeas Corpus | • 790 Other Labor Litigation | • 871 IRS - Third Party 26 USC 7609 | • 895 Freedom of Information Act |
| • 220 Foreclosure | • 442 Employment | | • 791 Empl. Ret. Inc. | | • 900 Appeal of Fee Determination Under Equal Access to Justice |
| • 230 Rent Lease & Ejectment | • 443 Housing/Accommodations | • 530 General | Security Act | | |
| • 240 Tort to Land | • 444 Welfare | • 535 Death Penalty | | | • 950 Constitutionality of State |
| • 245 Tort Product Liability | • 440 Other Civil Rights | • 540 Mandamus & Other | | | [x] 890 Other Statutory Actions |
| • 290 All Other Real Property | | • 550 Civil Rights | | | |
| | | • 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

[x] Original Proceeding   * 2 Removal from State Court   * 3 Remanded from Appelate Court   * 4 Reinstated or Reopened   * 5 Transferred from another district (specify)   * 6 Multidistrict Litigation   * 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | * CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ Statutory Damages | Check YES only if demanded in complaint: JURY DEMAND: * YES (x) NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE _____   Docket Number _____

DATE 5/13/03   SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

Pd $150.00  5/16/03  #94082 rp